## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JENNIFER C. STEWART-WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 3:12-00176** |
| | ) | |
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION, AS RECEIVER OF** | ) | |
| **WASHINGTON MUTUAL BANK;** | ) | |
| **JPMORGAN CHASE BANK, N.A.;** | ) | |
| **and ROBERT M. WILSON, JR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Almost twelve years have passed since Plaintiff, Jennifer C. Stewart-Wright, filed suit in the Chancery Court for Williamson County, Tennessee, seeking to stop foreclosure proceedings on her home. A decade later, the case was removed to this Court when the Federal Deposit Insurance Corporation stepped in as a receiver of a defunct bank that had assumed the loan. Plaintiff argues that "[i]t is long past time for this dispute to end," (Docket No. 32 at 4), and this Court agrees. However, the conclusion is not what Plaintiff hopes for, as this Court will grant Defendant JPMorgan Chase Bank N.A.'s ("Chase's") Motion to Set Aside Agreed Order Staying Foreclosure (Docket No. 21) and its Motion for Summary Judgment (Docket No. 28).

## I. BACKGROUND

For the most part, the facts underlying this litigation are undisputed, and are as follows:

On April 22, 1997, Plaintiff (with her now-deceased father as co-signor) executed a Promissory Note and Deed of Trust for the purpose of financing the purchase of real property

located at 7109 Rusty Drive in Fairview, Tennessee. The holder of the promissory note was FT Mortgage Companies, d/b/a First Tennessee Mortgage Company, Inc., which, in turn, sold it to Bank United of Texas, FSB, d/b/a Bank United ("Bank United"). After Plaintiff fell behind on her payment obligations, Bank United instituted foreclosure proceedings in August of 2001.

On August 7, 2001, Plaintiff filed a Complaint against Bank United in the Chancery Court for Williamson County, seeking both money damages and equitable relief in the form of a permanent injunction against foreclosure of the property. That same day, a Temporary Restraining Order was entered by the Chancery Court, preventing further foreclosure proceedings at that time. Plaintiff was required to post a bond in the amount of $85,000, but apparently did not do so. Subsequently, on October 10, 2001, an Agreed Order was entered by the Chancery Court, resulting in a stipulated injunction preventing further foreclosure proceedings indefinitely.

At some point in 2001, Bank United became a part of Washington Mutual Bank, FA ("WaMu"). More than seven years later, on September 25, 2008, WaMu was closed by the Office of Thrift Supervision, and the FDIC was appointed as a receiver. That same day, the FDIC and Chase entered into a Purchase and Assumption Agreement for the whole bank, and Chase became the successor in interest to Bank United. Chase also became the holder of Plaintiff's mortgage loan, responsible for defending the equitable (but not monetary) claims made by Plaintiff in the Chancery Court.

On November 21, 2011, the FDIC was substituted as Defendant in the Chancery Court for purposes of defending the monetary claims asserted by Plaintiff, and Chase was substituted as Defendant for purposes of Plaintiff's equitable claims. On February 10, 2012, the FDIC removed the action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.

On May 1, 2012, FDIC filed a motion to dismiss Plaintiff's monetary claims for failure to exhaust administrative remedies. Thereafter, the parties filed a joint motion to dismiss her monetary claims against the FDIC. This motion was granted by Order dated August 20, 2012, leaving for resolution only Plaintiff's equitable claim against Chase, to wit, that Chase be permanently enjoined from exercising its rights under the Promissory Note and Deed of Trust related to the Property.

Since the time of the filing of the Complaint in state court, Plaintiff has resided at the property. And, at least as of the date of the Agreed Order entered in October 2001, Plaintiff has failed to remit any payment toward the obligations owed under the promissory note.

## II. DISCUSSION

Based upon the foregoing, Chase filed its motion seeking to set aside the Agreed Order so that it can pursue its contractual remedies and foreclose on the property. In the same vein, Defendant moves for summary judgment on the sole remaining equitable claim against it, that being Plaintiff's request to enjoin foreclosure proceedings. Both motions have been fully briefed by the parties. (Docket Nos. 22, 25, 30 & 32).

Plaintiff's response to both motions is the same: foreclosure is barred by the applicable statute of limitations and/or the doctrine of laches precludes Chase from moving forward on the foreclosure request. In fact, the parties agree that "the following two issues are what remain to be decided by this Court and are strictly legal in nature: (1) Whether Tennessee Code Annotated Section 28-2-111(a) regarding the statute of limitations for lawsuits involving promissory notes operates as a bar to Chase exercising its rights, including, but not limited to, foreclosure, under the Promissory Note and Deed of Trust; and (2) Whether the common law theory of laches operates as a bar to Chase exercising its rights, including, but not limited to, foreclosure, under the Promissory

3

Note and Deed of Trust."  (Docket No. 34 at 12).

A.  **Statute of Limitations**

So far as relevant, the Tennessee Code provides:

(a) Liens on realty, equitable or retained in favor of vendor on the face of the deed, also liens of mortgages, deeds of trust and assignments of realty executed to secure debts, shall be barred and the liens discharged, unless suit to enforce the same be brought within ten (10) years from the maturity of the debt.

Tenn. Code Ann. § 28-2-111(a).

Bank United instituted foreclosure proceedings in August of 2001, when Plaintiff failed to make payments in accordance with the Promissory Note.  This was unquestionably within the time period allowed by law, and Plaintiff does not argue to the contrary.  What she does argue is that the "'maturity of the debt' occurred, at the very latest, on August 8, 2001," (Docket No. 32 at 3), the day scheduled for the foreclosure proceedings.  While those proceedings were thwarted by the Chancery Court's Temporary Restraining Order, that Order required Plaintiff to post a bond in the amount of $85,000.  Since a bond was required and Plaintiff failed to post the bond, the argument goes, "foreclosure could have been reinstituted at essentially any time [but] was not."  (Id.).

This argument fails to mention, let alone consider, that, after the Temporary Restraining Order was issued, the parties entered into an Agreed Order staying any further proceedings. Specifically, the October 20, 2001 Agreed Order, signed by counsel for Plaintiff, counsel for Defendant and the Chancery Court Judge, evidenced that the parties "stipulate and agree that the foreclosure proceedings initially scheduled for August 8, 2001 on real property located at 7109 Rusty Drive, Fairview, Williamson County, Tennessee, be adjourned indefinitely and will not be rescheduled without notice and the opportunity to be heard by the Court on an emergency basis at least 24 hours prior to any attempted rescheduling of the non-judicial foreclosure sale of the

4

property." (Docket No. 28-5 at 1).

Statutory limitation periods are not ironclad – they may be tolled or extended by the agreement of the parties. See, Tenn-Fla Partners v. Shelton, 233 S.W.3d 825, 829 (Tenn. Ct. App. 2007) ("Parties may enter into a 'tolling agreement' whereby the defendant agrees not to plead the statute of limitations"). Moreover, "[t]he statute of limitations is tolled when there is a valid agreement to forbear, or when the commencement of the action is stayed by injunction." Wilson v. Cosmopolitan Spa Intern., Inc., 1985 WL 4576 at *3 (Tenn. Ct. App. 1985).

The Agreed Order which became the Order of the Chancery Court enjoined, indefinitely, the foreclosure proceedings. This was agreed to by Plaintiff and she cannot now use the statute of limitations to circumvent that agreement. Suit was filed within the ten year statute of limitations and she agreed to have the suit stayed until it was lifted by the Chancery Court. Her statute of limitations argument is simply without merit.

## B. Laches

As an alternative, Plaintiff argues that laches bars Defendant's request to continue with the foreclosure proceedings. Again, the Court disagrees.

Laches is an equitable doctrine, invoked to preclude a party who has engaged in inexcusable delay from bringing a claim. In re Estate of Baker v. King, 207 F.3d 254, 264 (Tenn. Ct. App. 2006). (citing, Archer v. Archer, 907 S.W.2d 412, 416 (Tenn. Ct. App. 2003)). Because "[it] is an equitable defense which requires the finder of fact to determine whether it would be inequitable or unjust to enforce the claimant's rights," whether to allow the defense is a matter of discretion. Id. (citing, John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp., 715 S.W.2d 41, 46 (Tenn. 1986)). "Courts are reluctant to apply the defense of laches[,] and in a case where delay in filing

suit can reasonably be explained or justified, the defense will not be applied." Shell v. Law, 915 S.W.3d 402, 410 (Tenn. Ct. App. 1996).

Delay is a key inquiry, but "delay, by itself, is not sufficient to invoke the doctrine of laches." Grand Valley Lakes Property Owners Ass'n, Inc. v. Burrow, 376 S.W.3d 66, 83 (Tenn. Ct. App. 2011). Instead, "[t]he determinative test 'is not the length of time that has elapsed, but whether, because of such lapse of time, the party relying on laches as a defense has been prejudiced by the delay.'" Id. at 83-4 (quoting, Briceno v. Briceno, 2007 WL 4146280 at *4 (Tenn. Ct. App. Nov. 21, 2007)).

Here, Plaintiff claims that "the delays must be laid . . . wholly at the feet of the Chase Bank's predecessors in interest; the fact of prejudice to Dr. Stewart-Wright is hardly open to discussion," and "[t]his litigation presents a veritable law-school textbook base for the imposition of laches." (Docket No. 32 at 4). She then states, albeit without citation to the record, that since suit was filed in the Chancery Court her father, a co-signor on the original indebtedness, has died, and she "has become involuntarily unemployed." Id.

Plaintiff's losses are indeed unfortunate, but they are not attributable to the action (or inaction) of Chase who only assumed the loan upon the demise of WaMu and the appointment of the FDIC as receiver. Although the length of time between the filing of suit and today is indeed extraordinary, "delay, by itself, is not sufficient to invoke the doctrine of laches." Grand Valley, 376 S.W.3d at 83; accord, Blakenship v. Campbell, 2003 WL 22383614 at *5 (Tenn. Ct. App. 2003) ("delay alone will not supply the prejudice needed to invoke the doctrine of laches"); Town of Morrison v. Warren County, 1995 WL 755586 at *4 (Tenn. Ct. App. Dec. 22, 1995) (citation omitted) ( "'Long delay alone in the prosecution of a claim is insufficient for the application of the

doctrine of laches.'").

Moreover, Plaintiff has lived in the home since it was purchased, and she has not made payments under the terms of the note in close to twelve years. Simply put, Plaintiff has failed to carry her burden of showing she was prejudiced by any delay in seeking to have the injunction lifted. See, State v. Parton, 2013 WL 241933 at *4 (Tenn. Crim. App. Jan. 23, 2013) ("To establish the defense of laches, a Defendant must prove (1) an inexcusably long delay in bringing the suit and (2) prejudice to the Defendant as a result of the delay"); Freeman Mgmt. Corp. v. Shugard Storage Ctr. Inc., 2007 WL 1556604 at *13 (M.D. Tenn. May 24, 2007) ("The party asserting laches has the burden of showing lack of diligence by the party against whom the defense is asserted and prejudice by the party asserting it.").

### III. CONCLUSION

On the basis of the foregoing, Defendant's Motion to Set Aside Agreed Order Staying Foreclosure and its Motion for Summary Judgment will be granted. The Agreed Order prohibiting the continuance of foreclosure proceedings on Plaintiff's property will be vacated.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE