UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER C. STEWART-WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-00176 |
| | ) | Judge Sharp |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, AS RECEIVER OF | ) | |
| WASHINGTON MUTUAL BANK; | ) | |
| JPMORGAN CHASE BANK, N.A.; | ) | |
| and ROBERT M. WILSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

By Order and Memorandum (Docket Nos. 37 & 38) entered May 9, 2013, the Court granted Defendant JPMorgan Chase Bank, N.A.'s Motion to Set Aside Agreed Order Staying Foreclosure and its Motion for Summary Judgment, and vacated the Agreed Order that had been entered prohibiting the continuance of foreclosure proceedings on Plaintiff's property. Judgment in Defendant's favor was entered that same day.

On June 5, 2013, Plaintiff Jennifer C. Stewart-Wright filed a Motion to Alter or Amend (Docket No. 40) under Rule 59(e) of the Federal Rules of Civil Procedure, arguing that this court committed "manifest errors of law" in finding that neither the statute of limitations nor the doctrine of laches operated as a bar to Chase exercising its right to foreclosure. For the most part, Plaintiff's arguments are a rehashing of that which has already been considered by the Court, and "[a] motion under Rule 59(e) is not an opportunity to reargue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)

1

Turning to new arguments, Plaintiff argues that "[t]he two cases upon which this court relied in its Memorandum are inapposite, both singly and in combination." Specifically, Plaintiff claims that Tenn-Fla Partners v. Shelton, 233 S.W.3d 825, 829 (Tenn. Ct. App. 2007) "is far off-point to the case sub-judice." (Docket No. 41 at 3). While Shelton is unquestionably different in terms of its facts, it was merely cited for the far from novel proposition that "[s]tatutory limitation periods are not ironclad – they may be tolled or extended by the agreement of the parties." (Docket No. 37 at 6).

Similarly, Plaintiff argues that Wilson v. Cosmopolitan Spa Intern., Inc., 1985 WL 4576 (Tenn. Ct. App. 1985) "provides no guidance in the circumstances here presented" because it was a "case about . . . a 'woman who sold a house and then disappeared,'" and "all Wilson teaches us is that where there is no 'definite binding agreement,' there is no tolling." (Docket No. 31 at 3, citations omitted. Wilson was simply cited for was the well-understood proposition that "[t]he statute of limitations is tolled when there is a valid agreement to forbear, or when the commencement of the action is stayed by injunction." (Docket No. 37 at 5). Although there was no definite binding agreement in Wilson, there was a binding agreement in this case: the Agreed Order which Plaintiff agreed to, and which enjoined, indefinitely, the foreclosure proceedings.

With regard to laches, Plaintiff argues that "the court made a specific finding of fact without the benefit of a hearing or even affidavits" on the issue of prejudice. (Docket No. 41 at 4). She also argues "[t]here was no basis at all for this finding of fact and a wholly unsupported finding of fact is plain error on its face."

With regard to prejudice, the Court wrote:

Here, Plaintiff claims that "the delays must be laid . . . wholly at the feet of the Chase Bank's predecessors in interest; the fact of prejudice to Dr. Stewart-Wright is hardly open to discussion," and "[t]his litigation presents a veritable law-school textbook base for the imposition of laches." (Docket No. 32 at 4). She then states, albeit without citation to the record, that since suit was filed in the Chancery Court her father, a

2

> co-signor on the original indebtedness, has died, and she "has become involuntarily unemployed." Id.
>
> Plaintiff's losses are indeed unfortunate, but they are not attributable to the action (or inaction) of Chase who only assumed the loan upon the demise of WaMu and the appointment of the FDIC as receiver. Although the length of time between the filing of suit and today is indeed extraordinary, "delay, by itself, is not sufficient to invoke the doctrine of laches.". . . .
>
> Moreover, Plaintiff has lived in the home since it was purchased, and she has not made payments under the terms of the note in close to twelve years. Simply put, Plaintiff has failed to carry her burden of showing she was prejudiced by any delay in seeking to have the injunction lifted.

(Docket No. 37 at 6-7, internal citations to cases omitted).

What findings this Court is alleged to have made without evidentiary support are unclear. It is true that Plaintiff cited no evidence for her claims that her father died and she lost employment, but, even so, the Court accepted those assertions. There was no suggestion then, nor a suggestion now, that Defendant was responsible for either of those events. As for Plaintiff living in the house and not making payments, those facts came directly from Defendant's Local Rule 56.01 Statement of Undiputed Facts numbers 12 and 13 which Plaintiff admitted to be true, but claimed to be irrelevant. At the risk of being taken to task for citing yet another factually distinguishable case for a hornbook principle of law, Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 232, 247-48 (1986).

Under Rule 59(e), relief may be had "where there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" White v. JPMorgan Chase Bank, NA, 2013 WL 1339070 at *4 (6th Cir. April 4, 2013) (citation omitted). Plaintiff has established none of those things and, accordingly, her Motion to Alter

3

or Amend (Docket No. 40) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE